**IN THE COURT OF APPEALS OF IOWA**

No. 14-1923
Filed October 28, 2015

**IN RE THE MARRIAGE OF HEATHER LEIGH HERMAN
AND MARK ANTHONY HERMAN**

**Upon the Petition of
HEATHER LEIGH HERMAN,**
        Petitioner-Appellee,

**And Concerning
MARK ANTHONY HERMAN,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Harrison County, James M.

Richardson, Judge.


        Mark Herman appeals from the child custody and property distribution

provisions of the decree dissolving his marriage to Heather Herman.

**AFFIRMED.**


        Chad D. Primmer of Chad Douglas Primmer, P.C., Council Bluffs, for

appellant.

        J.C. Salvo and Bryan D. Swain of Salvo, Deren, Schenck, Swain

& Argotsinger, P.C., Harlan, for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Mark Herman appeals from the decree dissolving his marriage to Heather Herman. He contends the trial court erred in denying his request for shared physical care of the parties' two children, seven-year-old twins. He also asserts the district court should have followed his proposed property distribution. We do not disturb the decree.

The parties were married in 2002. They live in Missouri Valley, Iowa, and Heather teaches third grade in a neighboring community. Mark's employer is in Omaha, Nebraska, but he is able to work from home. The children are in good health yet both have learning challenges: G.H. experiences reading difficulties and has been diagnosed with attention deficit hyperactivity disorder, for which she takes medication; Q.H. has speech difficulties. The following findings of the district court are fully supported by the record:

> Both parents love their children. The twins love both their parents. Historically, Heather has been the primary caretaker of the twins in seeing to their daily needs. Heather has participated in the children's out of school activities. Mark has been a good father and participated in their sporting activities. . . .
> It is clear that Mark and Heather can communicate on the big picture items but cannot communicate concerning details. This is evidenced by their past arguments and name-calling. . . .
> The testimony proffered by Mark primarily dealt with the rights of the father. The rights of the parents are important but not germane to this Court's task. The polestar for this Court is what is in the best interest of the twins. Specifically the issue is which parent can more successfully meet the needs of the children. History is the best guide to the future. Heather has addressed the learning needs of the children as well as their religious, social, medical, and living requirements. Alternating physical care would handicap either parent in addressing the speech and reading needs of the twins. . . . [C]onsistent bedtime, bed, homework time, and meals [are] required by the twins. This has been proven by the advancement of the twins' learning experience pursuant to the temporary order.

This Court specifically finds that Heather is superior in meeting the needs of the twins. The minor children have flourished under her care pursuant to the temporary order. Heather historically has cared for the twins' physical needs as well as their learning disabilities. This is not to say that Mark is a bad parent. Rather, the specific needs of the twins are more adequately addressed by Heather. The twins require a custodial arrangement wherein a structured stable environment maximizes their relationships with both parents.

The court accepted Heather's valuation of the parties' property and debts with two exceptions. Heather listed the marital house's value at $130,000—the court determined the fair market value was $150,000. Heather noted Mark's truck had a value of $20,000, but she did not list the debt owed on the vehicle was in excess of $23,000—the court considered Mark's debt on the vehicle in the property allocation. Using the court's valuations, Heather was awarded assets valued at $185,247 and debts totaling $162,043; Mark was awarded assets valued at $85,971 and debts of $66,060.

Mark appeals the child custody and property distribution provisions of the decree.

We review this equity action involving the dissolution of a marriage de novo. Iowa R. App. P. 6.907. We give weight to the findings of the district court, particularly concerning the credibility of witnesses; however, those findings are not binding upon us. Iowa R. App. P. 6.904(3)(g).

We agree with the district court that joint physical care is not appropriate here, and that placing the children in Heather's physical care will best advance their needs for structure and consistency. *See In re Marriage of Hansen*, 733 N.W.2d 683, 695 (Iowa 2007) ("The objective of a physical care determination is

to place the children in the environment most likely to bring them to health, both physically and mentally, and to social maturity.").

With respect to the property division, Mark states his "proposed distribution is equitable" and the court erred in not requiring Heather to pay him an equalization payment of $12,430.05. Iowa is an equitable distribution state. This "means that courts divide the property of the parties at the time of divorce, except any property excluded from the divisible estate as separate property, in an equitable manner in light of the particular circumstances of the parties." *In re Marriage of Schriner*, 695 N.W.2d 493, 496 (Iowa 2005). We will disturb the trial court's distribution of the marital property "only when there has been a failure to do equity." *In re Marriage of McDermott*, 827 N.W.2d 671, 676 (Iowa 2013) (citations and internal quotation marks omitted).

We have reviewed the court's valuation and distribution of marital assets awarding the parties specific property and allocating debts. The difference in the net awards is about $3200. Under the circumstances here, including an inheritance to Heather, which was not set aside,[1] we find no failure to do equity. We therefore affirm the dissolution decree in its entirety.

Heather requests an award of appellate attorney fees. An award of appellate attorney fees is not a matter of right, but rests within this court's discretion. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007).

---

[1] In 2003, Heather received approximately $63,000. The parties used much of that inheritance for family purposes. *See* Iowa Code § 598.21(6) (2013) ("Property inherited by either party or gifts received by either party prior to or during the course of the marriage is the property of that party and is not subject to a property division under this section except upon a finding that refusal to divide the property is inequitable to the other party or to the children of the marriage.").

We consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *Id.* After considering these factors, we decline to award appellate attorney fees.

**AFFIRMED.**